**Electronically Filed**
**Intermediate Court of Appeals**
**30148**
**16-MAR-2011**
**08:18 AM**

NO. 30148

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBIN R. GRANT, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NOS. 1DTC-07-088262, 1DTC-07-062536,
1DTC-08-009885, AND 1DTC-08-038684)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Robin R. Grant ("Grant") appeals from the Judgments, filed on September 28, 2009, in the District Court of the First Circuit ("District Court")[1] in Case Nos. 1DTC-07-088262, 1DTC-07-062536, 1DTC-08-009885, and 1DTC-08-038684.

Grant was found guilty of four counts of operating or using a motor vehicle upon a public street, road, or highway of the State while such motor vehicle is uninsured (no motor vehicle insurance), in violation of Hawaii Revised Statutes (HRS) § 431:10C-104.

On appeal, Grant contends that the District Court erred (1) by denying her motion to disqualify the Department of the Prosecuting Attorney for the City and County of Honolulu, (2) because there was insufficient evidence to convict Grant of driving without no-fault insurance, and (3) because there was insufficient evidence to convict Grant because the prosecution failed to disprove that Grant's vehicle was an "antique motor vehicle" under HRS § 431:10C-104(d).

---

[1] The Honorable Leslie Hayashi presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Grant's points of error as follows:

(1) In the opening brief, Grant makes no argument as to why the District Court erred by denying her motion to disqualify the Department of the Prosecuting Attorney. In the argument section of her opening brief, Grant merely repeats where in the record the District Court denied her motion. Therefore, the point of error is waived. Haw. R. App. P. 28(b)(7); *Int'l Sav. and Loan Ass'n, Ltd. v. Carbonel*, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000) ("An appellate court need not address matters as to which the appellant has failed to present a discernible argument.")

(2) There was sufficient evidence to convict Grant of driving without no-fault insurance under HRS § 431:10C-104(d) in each of the four cases. Each of the officers that issued citations to Grant testified that Grant did not produce an insurance card. "[I]t was the legislature's intent that the trier of fact might infer from the inability to produce an insurance identification card that there was no no-fault insurance coverage of the vehicle or the driver." *State v. Lee*, 90 Hawai'i 130, 135, 976 P.2d 444, 449 (1999). Thus, there was substantial evidence to support the district court's decision.

(3) There was sufficient evidence to convict Grant of driving without no-fault insurance despite the prosecution not proving that Grant's vehicle was not an "antique motor vehicle" under HRS § 431:10C-104(d) since Grant did not present any evidence or argument at trial regarding the age or status of her vehicle. Therefore, the State was not required to disprove that Grant's vehicle was an "antique motor vehicle" under HRS § 431:10C-104(d). *See State v. Romano*, 114 Hawai'i 1, 6, 155 P.3d 1102, 1107 (2007) ("'[I]f a statutory exception to an offense constitutes a separate and distinct defense, . . . the State's burden to disprove the defense beyond a reasonable doubt arises only after evidence of the defense is first raised by the defendant.'").

Therefore,

IT IS HEREBY ORDERED THAT the Judgments, filed on September 28, 2009, in the District Court of the First Circuit in Case Nos. 1DTC-07-088262, 1DTC-07-062536, 1DTC-08-009885, and 1DTC-08-038684 are affirmed.

DATED:  Honolulu, Hawai'i, March 16, 2011.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge